UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

FILED

11 APR 19 PM 2:59

A.B., a child,

by his next friend, LINDA KEHOE

    Plaintiff,

    vs.                                                Case No. 3:11CV 163

HOUSING AUTHORITY OF SOUTH BEND,

an Indiana municipal housing authority,

    Defendant.

## Introduction

1.    This is a civil action seeking damages and equitable relief to prevent the eviction of a child and his mother from a public housing project operated with federal and other public funds. Plaintiff asserts that the threatened eviction violates, inter alia, the Fair Housing Act, 42 U.S. C. §3601, et seq. and implementing rules; the Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. and implementing rules; the Rehabilitation Act, 29 U.S. §794 and implementing rules; the Fourteenth Amendment to the Constitution of the United State, together with specified provisions of Indiana law. Plaintiff seeks reasonable attorney fees.

## Jurisdiction and Venue

1

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 in pleading state law claims.

3. Venue is proper in the Northern District of Indiana, South Bend Division, because the events alleged occurred principally in St. Joseph County, IN.

Parties

4. Plaintiff A.B. is a 7-year old child, who resides in property located at 1139 Oak Park Court, South Bend, IN 46613 and owned by the Housing Authority of South Bend. A.B. lives in the property with his mother. A.B. brings this action by and through his grandmother and next friend, Linda Kehoe

5. Defendant Housing Authority of South Bend (HASB) is a public housing authority established under authority of I. C. 36-7-18-1 et seq.

(a) I.C 36-7-18-5 (a) provides, "In a city, the fiscal body shall promptly notify the city executive of the adoption of the resolution. The executive shall then appoint seven (7) persons, one (1) of whom must be a resident of a housing project under the jurisdiction of the housing authority, no more than four (4) of whom may be of the same political party, as commissioners of the housing authority. "

(b) HASB is a recipient of federal financial assistance from the United States Housing and Urban Development (HUD), and a recipient of other public financial assistance. It is a public service within the meaning of Title II of the

Americans with Disabilities Act, 42 U.S.C. §12131 et seq. It is a person acting under color of law within the meaning of 42 U.S.C. § 1983.

6. A.B.'s mother is an adult woman. She is an otherwise qualified individual with a disability in that HASB has regarded and treated her as a current drug use and as a person with a history as a drug use. She is not a current drug user and has successfully completed a program for rehabilitation from drug use.

7. A.B. sues as a person associated with his mother, who is an otherwise qualified individual with a disability. A.B. is associated with his mother in that he lives with her at the HASB address.

8. A. B. and his mother are renting property from HASB, which is a landlord.

Facts

9. On February 28, 2011, A. B.'s mother was arrested by the South Bend police department near her residence and charged with possession of cocaine and resisting law enforcement officers.

10. On March 22, 2011, HASB issued a document entitled "Important 30-day Notice to Terminate Lease" (the HASB Notice). The HASB Notice stated that the lease for the rented property was being terminated because of the arrest of A.B. mother. The mothers (and implicitly A.B.) were given until April 22 to vacate the rented property.

11. The HASB notice further stated that A.B. mother would be given no opportunity for a pre-termination hearing because HUD had determined that HASB was not required to provide a pretermination hearing in cases such as the present one.

12. The HASB notice also stated that A.B.'s mother action involved criminal activity which threatened "the health, safety, or right to peaceable enjoyment of the premises of other residents or HASB employees...." It further justified the termination on the basis of "criminal activity on or off such premises."

13. The HASB notice listed only four Commissioners, not seven.

## Incorporation of Allegations

14. A.B. incorporates the preceding paragraphs 1-13 into the following paragraph 15 and into each of the following Causes of Action.

## Equity

15. The threatened eviction presents the threat of immediate and irreparable harm to A.B. in that he will be evicted from his home; his mother is a person of low income and employed only sporadically as a temporary and on-call employee; and his mother will find it very difficult to secure alternate housing. If forced to move, A.B. may be required to change school placement and may be otherwise put at physical and psychological risk. A.B. has no adequate remedy at law to compensate for the losses and injuries he may suffer.

## Causes of Action

16. As a First Claim, A. B. states that the threatened eviction by HASB violates the Fair Housing Act, 42 U.S.C. §3604(f), and the provisions specified below, in that:

    (a) HASB based its decision to evict A.B. and his mother on the mother's status as an individual with a handicap;

(b) A.B.'s mother is ready, willing, and able to continue residing at HASB and to pay the rent;

(c) HASB's purported reasons for threatening to evict A.B. and his mother are illegal or pretextual, and only a cover for discrimination against A.B.'s mother as an individual with a handicap;

(d) HASB's purported policies of evicting tenants for the reasons given in this case are refusals to make reasonable accommodations in rules, policies and practices, and are therefore discrimination against individuals with handicaps;

(e) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress;

(f) HASB's acts herein complained of in sub-paragraphs (a) through (e) violated 42 U.S.C.§3604(f)(1) and §3604(f)(3)(B);

(g) HASB's conduct unlawfully humiliated A.B. and interfered with his ability to exercise and enjoy rights granted and protected by 42 U.S.C §3604 of The Fair Housing Act of 1988 based on his mother's status as an individual with a handicap;

(h) . While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

(i) The conduct herein complained of in sub-paragraphs (a) through (i) violated 42 U.S.C.A. Section 3617;

(j) The conduct herein complained of in sub-paragraphs (a) through (i) violated 24 CFR 100.50, a rule to implement, in part, 42 U.S.C. §3601 et seq. HASB has violated the by (1) discriminating in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with sales or rentals, because of handicap; (2) engaging in any conduct relating to the provision of housing which otherwise makes unavailable or denies dwellings to persons because of handicap; (3) engaging in blockbusting practices in connection with the sale or rental of dwellings because of handicap.

(k) . HASB discriminated against A.B. in the terms and privileges of renting and occupying an apartment based on his mother's status as an individual with a handicap;

(l) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

17. As a Second Claim, A. B. states that the threatened eviction by HASB violates Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq. and implementing rules at 28 CFR §35.130 because:

   (a) A.B.'s mother is an otherwise qualified individual with a disability;

   (b) A.B. is associated with his mother;

   (c) HASB is a public service

   (d) It is a public service within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq.

6

(e) HASB has violated the rights of A.B. under 42 U.S.C. §12131. et seq. and the implementing rule at 28 CFR §35.130 because HASB has, on the basis of disability, excluded from participation in and denied the benefits of the services, programs, or activities of a public entity, and subjected A.B. to discrimination by (1) denying A.B. the opportunity to participate in or benefit from the aid, benefit, or service; (2) affording A.B. an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; (3) providing A.B. with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; (4) providing different or separate aids, benefits, or services to A.B than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others; (5) otherwise limiting A.B. in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. (6) denying A.B. the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities; (7) utilized criteria or methods of administration (i) that have the effect of subjecting A.B. to discrimination on the basis of disability; (ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with

7

respect to individuals with disabilities; (8) failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; (9) imposing and employing eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

(f) HASB has violated 42 U.S.C. §12131 et seq. and 28 CFR § 35.130(d) by failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

(g) HASB has violated 42 U.S.C. §12131 et seq. and 28 CFR § 35.130(d) by excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

(h) HASB has violated 42 U.S.C. §12131 et seq. and 28 CFR § 35.130(d) by failing to ensure that its purported safety requirements are based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities.

(i) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

18. As a Third Claim, A. B. states that the threatened eviction by HASB violates the Rehabilitation Act, 29 U.S.C. §794, and the implementing rules at 28 CFR §35.130 because:

(a) A.B. is associated with his mother.

(b) A.B. mother is an otherwise qualified person with a disability.

(c) HASB is a recipient of federal financial assistance.

(j) HASB has violated the Rehabilitation Act in that HASB has discriminated against A.B. mother solely on the basis of a disability in that excluded from participation in and denied the benefits of the services, programs, or activities of a public entity, and subjected A.B. to discrimination by (1) denying A.B. the opportunity to participate in or benefit from the aid, benefit, or service; (2) affording A.B. an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; (3) providing A.B. with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; (4) providing different or separate aids, benefits, or services to A.B than is provided to others unless such action is necessary to provide qualified individuals with disabilities with

aids, benefits, or services that are as effective as those provided to others; (5) otherwise limiting A.B. in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. (6) denying A.B. the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities; (7) utilized criteria or methods of administration (i) that have the effect of subjecting A.B. to discrimination on the basis of disability; (ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities; (8) failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; (9) imposing and employing eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

(k) HASB has violated 29 U.S.C. §794 and 28 CFR § 35.130(d) by failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

(l) HASB has violated 29 U.S.C. §794 and 28 CFR § 35.130(d) by excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

(m) HASB has violated 29 U.S.C. §794 nod 28 CFR § 35.130(d) by failing to ensure that its purported safety requirements are based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities.

(n) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

19. As a Fourth Claim, HASB, a person acting under of color of law, has violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States in that HASB:

(a) committed the violations alleged in the preceding First through Third Claims and the following Fourth and Fifth Claims;

(b) has inconsistently, selectively, and unfairly threatened to evict A.B. in contrast to other similarly situated HASB tenants;

(c) has failed to exercise discretion granted to HASB by the Secretary of HUD to refrain from evicting A.B. and his mother.

  (d) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

20. As a Fifth Claim, supplemental under Indiana law:

  (a) HASB has exceeded its statutory authority under Indiana by conducting business with only 4 and of the required 7 members of the HASB Board of Commissioners; (3) HASB has violated I.C. 34-17-1-1, in that (1) it has unlawfully exercised corporate power in violation of subsection (1); (2) it has exceeded or abused the authority conferred upon HASB by law in violation of subsection (6) (a); (3) it has exercised authority not conferred upon it by law in violation of subsection (6) (b).

  (b) A. B. has been injured by the illegal acts of HASB.

  (c) While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

  (d) A.B. is entitled to a writ of quo warranto to nullify the illegal acts of HASB.

21. As a Sixth Claim. Supplemental under Indiana law, HASB has violated the rights of A.B. to due course of law under Article I, Section 23 of the

Constitution of Indiana. While engaged in the acts and conduct herein complained of, HASB acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of A.B. causing him humiliation and emotional distress.

## RELIEF

A.B., on each of the foregoing claims, and for each violation established within each claim, requests:

A. Compensatory damages of at least $10,000 on each of the foregoing claims, and for each violation established within each claim;

B. Exemplary damages of at least $10,000 on each of the foregoing claims, if not otherwise barred by law, and for each violation established within each claim if not otherwise barred by law;

C. A declaratory judgment setting forth the rights and responsibilities of the parties;

D. Upon motion, preliminary and permanent injunctions;

E. Upon motion, a writ of quo warranto;

F. Upon motion, an order allowing A.B. to add the Secretary of the United States Department of Housing and Urban Development as a party defendant if HASB asserts that its actions are required or permitted by federal statute or HUD rules;

G. An award of actual, reasonable attorney fees.

H. Such other relief as may be appropriate in the circumstances.

## Verification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18 day of April, 2011.

*[signature: Linda Kubik]*

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

*[signature: Kent Hull]*

Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN 46617
(574) 234-8121