# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

A.B.,                                          )
a child by his next friend, Linda Kehoe,       )
                                               )
              Plaintiff,       )
                                               )
       v.                            )      3:11 CV 163 PPS
                                               )
HOUSING AUTHORITY OF                           )
SOUTH BEND,                                    )
                                               )
            Defendant.       )

## OPINION AND ORDER

Before the Court is Plaintiff A.B.'s Motion for Preliminary Injunction. [DE 9.] For the following reasons, the motion is denied.

A.B. is a minor who resides with his mother – Autumn Oliver – in public housing owned by Defendant Housing Authority of South Bend ("HASB"). HASB is a public housing authority that administers the public housing program for low-income residents in South Bend, Indiana. On February 28, 2011, Oliver was arrested by South Bend police near her residence and charged with possession of cocaine and resisting law enforcement officers. She later pled guilty to both charges. As a result of her arrest, on March 22, 2011, Oliver received a "Notice to Terminate Lease" from HASB. The Notice stated that HASB was terminating her lease because of her February arrest, and she was given 30 days to vacate the property. The Notice informed Oliver that she could contest the termination of her lease during the eviction procedure utilized by HASB.

On April 19, 2011 – after receiving the Notice but before Oliver was forced to vacate –

A.B. filed this action through his grandmother and next friend, Linda Kehoe. The complaint asserts that the threatened eviction violates the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, the Fourteenth Amendment to the United States Constitution, the Indiana Constitution, and Indiana Code § 34-17-1-1. A.B. seeks monetary damages, a declaratory judgment, and preliminary and permanent injunctions, among other relief. Oliver and A.B. continued to reside in their HASB administered housing after the deadline to vacate the premises ran, which was April 22, 2011.

So, on April 27, 2011, HASB filed a complaint in St. Joseph County Superior Court Small Claims Division against Oliver seeking enforcement of the eviction and immediate possession of the rental unit. The state court scheduled an immediate possession hearing for June 24, 2011. In response to HASB's state court complaint, A.B. filed this motion on June 6, 2011 seeking an order from this Court enjoining HASB from pursing the eviction in state court. I held a telephonic status hearing on the motion where both sides agreed that an evidentiary hearing was unnecessary. After the motion was fully briefed, I held another hearing in which I denied A.B.'s motion for injunctive relief, and I briefly gave my reasons for doing so. This Opinion and Order fully lays out my reasoning for denying A.B.'s motion for a preliminary injunction.

Because A.B. asks me to enjoin HASB from pursing its action in Indiana state court, my analysis must begin with the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act bars a district court from enjoining pending "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act is designed to prevent unnecessary

friction between state and federal courts and to protect state court's from federal interference. *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000); *Zurich American Ins. Co. v. Sup. Ct. of State of California*, 326 F.3d 816, 824 (7th Cir. 2003) ("The Act rests on the 'fundamental constitutional independence of the States and their courts,' and its purpose is to make the dual system of state and federal courts work without 'needless friction.'") (quoting *Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 286-87 (1970)).  As a result, the three exceptions to the Act are to be applied narrowly, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.  The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Atlantic Coast Line,* 398 U.S. at 297.  Moreover, if the requested injunction does not fall within one of the exceptions, the Act "absolutely prohibits in such an action all federal equitable intervention . . . regardless of how extraordinary the particular circumstances may be." *Mitchum v. Foster*, 407 U.S. 225, 229 (1972).

In his briefing, A.B. fails to argue that any of these three exceptions are met.  Indeed, he barely addresses the Anti-Injunction Act at all.[1]  Instead, he presents a series of arguments aimed at showing that the Act is not applicable here.

First, A.B. claims that because he is attempting to enjoin HASB from prosecuting the state court case – and not the state court itself – the Act does not bar an injunction.  But the law

---

[1]  In his reply brief, A.B. does give a passing reference to the "in aid of jurisdiction" exception.  And then at the June 22, 2011 hearing in which I orally gave my reasons for denying the motion, A.B. briefly argued the "expressly authorized" exception was applicable.  I address these exception below.

is clear that this is a distinction without a difference. As the United States Supreme Court found in *Atlantic Coast Line*, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." 398 U.S. at 287; *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.,* 309 U.S. 4, 9 (1940) ("That the injunction was a restraint of the parties and was not formally directed against the state court itself is immaterial."). Otherwise, the Act "would have [] no force." *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1019 (7th Cir. 1991). So I may not get around the Anti-Injunction Act by targeting the injunction at HASB rather than the state court.

Next, A.B. claims that the state court action must be enjoined because HASB's claim in that court is a compulsory counterclaim to this action under Fed. R. Civ. P. 13(a). But courts that have addressed this issue have found that "a federal court is barred by § 2283 from enjoining a state court action even when the state court action is a compulsory counterclaim in the federal action." *Continental White Cap v. Speco, Inc.*, 1987 WL 14617, at *2 (N.D. Ill. July 17, 1987); *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 855 n.5 (9th Cir. 1981); *Vick v. Nash Hospitals, Inc.*, 756 F. Supp. 2d 690, 693-94 (E.D.N.C. 2010); *Connecticut Housing Finance Authority v. Eno Farms Ltd. Partnership*, 2007 WL 1670130, at *3 n.2 (D.Conn. June 6, 2007); *Gunderson v. ADM Investor Services, Inc.*, 976 F.Supp. 818, 825 (N.D. Iowa 1997); *Bruce v. Martin*, 680 F.Supp. 616, 620 n.3 (S.D.N.Y. 1988); *Nolen v. Hammet Co., Inc.*, 56 F.R.D. 361, 362 (D.S.C. 1972). Thus, under the Anti-Injunction Act, "if a party asserts a claim in a state court that should be a compulsory counterclaim [under Rule 13(a)] in an already pending federal action, the federal court cannot enjoin the prosecution of the state court proceeding" unless an exception is met. *Wright & Miller*, Federal Practice and Procedure: Civil

§ 1418 (2011). This is sensible because Rule 13(a)'s objective of avoiding multiple suits is outweighed by the Act's policy prohibiting federal interference with state judicial systems. *Id.*

A.B. also cites *Warshawsky & Co. v. Arcata Nat. Corp.* for the proposition that "the court first acquiring jurisdiction of a controversy should enjoin subsequent proceedings in other jurisdictions." 552 F.2d 1257, 1265 (7th Cir. 1977). But *Warshawsky* has no bearing on this case because it dealt with a situation where one federal district court was being asked to enjoin *a second federal district court*. In such a situation, the Anti-Injunction Act's concerns about the propriety of federal involvement in state court proceedings do not come into play. *See Continental*, 1987 WL 14617, at *1-2 (finding *Warshawsky* inapplicable where a federal court is asked to enjoin a state court action).

What's more, the logic behind A.B.'s "first-in-time" argument is off-base. Oliver was arrested for possessing cocaine and resisting law enforcement in late February 2011. On March 22, 2011, she received the Notice stating that her lease was being terminated, which gave her 30 days to vacate the premises. A.B. filed this action on April 19, 2011, three days before A.B. and Oliver were required to vacate. Then, on April 27, 2011, HASB filed the eviction action in Indiana state court because they failed to vacate the premises. So while the federal action was clearly first in time, it's through no fault of HASB, because HASB could not have sued Oliver to vacate the premises until after they held over, or April 22, 2011. That A.B. was not bound by this timeline, and thus able to beat HASB to the punch by filing in federal court, is at the very least irrelevant. This is especially true since the two cases were filed just days apart, and no action was taken in this case prior to the state court filing. *Cf. Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) ("*Younger* abstention has been held to apply when state

proceedings begin after a federal complaint is filed, but before any proceedings of substance on the merits have taken place in the federal court.") (internal quotations omitted).

In the end, the Anti-Injunction Act is "a clearcut prohibition [against enjoining state court actions] qualified only by specifically defined exceptions," which "should not be enlarged by loose statutory construction." *Atlantic Coast Line*, 398 U.S. at 287. Absent an exception – and A.B. has done little to show how one of the exceptions might apply – federal courts have no authority to enjoin a state court even in extraordinary circumstances. *Mitchum*, 407 U.S. at 229. With that said, although the parties gave short-shrift to their applicability, two of the Act's exceptions warrant analysis – the "in aid of jurisdiction" and "expressly authorized by Congress" exceptions.[2]

A federal court may enjoin a state court action where an injunction is "necessary in aid of its jurisdiction." 28 U.S.C. § 2283. This exception to the Anti-Injunction Act applies where an injunction is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line,* 398 U.S. at 295. The exception should be construed "to empower the federal court to enjoin a concurrent state proceeding that might render the exercise of the federal court's jurisdiction nugatory." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996). For example, the Seventh Circuit found that a federal court managing multi-district litigation was authorized to enjoin parallel state proceedings to protect the integrity of its pretrial discovery orders. *See id.* at 1203 (noting that the exception is

---

[2] The "relitigation" exception is inapplicable because there are no federal court orders at issue here.

applicable where a party engages in forum shopping or gamesmanship to evade federal court authority); *see also In re RC2 Corp. Toy Lead Paint Products Liability Litig.*, 2008 WL 548772, at *3 (N.D. Ill. Feb. 20, 2008) (finding that courts apply the "in aid of jurisdiction" exception where "the federal court was protecting existing rulings such as discovery rulings, or the party sought to be enjoined had clearly tried to subvert the court's existing rulings.") (listing cases).

Nonetheless, "the possibility that a parallel state proceeding might interfere with a protected federal right or erroneously apply federal law does not make an injunction 'necessary' to aid the court's jurisdiction." *Zurich*, 326 F.3d at 825. In addition, that a state court could rule on an action first and thereby win "the res judicata/ collateral estoppel race" is not enough to require an injunction in aid of the federal court's jurisdiction. *Cash Converters USA, Inc. v. Burns*, 1999 WL 98345, at *11 (N.D. Ill. Feb. 19, 1999); *see Atlantic Coast Line,* 398 U.S. at 295-96 ("[T]he state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursing claims in both courts."); *Nagel v. ADM Investor Servs.*, 1998 WL 381978, at *3 (N.D. Ill. July 6, 1998) ("The 'in aid of its jurisdiction' exception . . . does not mean that federal courts automatically trump state courts and thus are entitled to consider federal issues before state courts can do so."). Thus, an injunction sought to preserve a case or controversy by addressing the federal issues first does not fit within the "in aid of jurisdiction" exception absent "some evidence that the state court was indifferent or hostile to the parties' rights." *Zurich*, 326 F.3d at 827; *see also Nagel*, 1998 WL 381978, at *3.

As a result, this exception is inapplicable here. The only basis to enjoin the state court case would be so that I could rule on the federal issues first. But, as the above cases

conclusively show, this is no basis for an injunction. Moreover, this case is in its infancy, so an

injunction will not protect this Court's orders, and as I noted above, there is no evidence that

HASB engaged in gamesmanship or forum shopping by filing its claim in state court. *See*

*Winkler*, 101 F.3d at 1203. Finally, A.B. does not argue that Indiana state courts are hostile to or

incapable of protecting his mother's federal rights, and the claims he is making in this case can

be raised as defenses in the state court action. *See Kemp v. Chicago Housing Authority*, 2010

WL 2927417, at *6 (N.D. Ill. July 21, 2010) (denying motion to enjoin state court eviction action

under the "necessary in aid" exception because the plaintiff's claims "in federal court can be

fully raised as defenses in a summary eviction proceeding.").[3] Thus, I will not enjoin the state

court under this exception.

Next, I address whether the "expressly authorized by Congress" exception is applicable

here. Notably, neither party addressed this exception in their briefing. Nonetheless, at the

hearing in which I orally ruled on the motion, A.B.'s attorney mentioned that the exception was

applicable because A.B.'s complaint asserts a claim under 42 U.S.C. § 1983. Indeed, A.B.'s

complaint alleges that HASB violated the due process and equal protection clauses of the

Fourteenth Amendment by terminating the lease. And as the Supreme Court held in *Mitchum v.*

*Foster*, 407 U.S. at 243, actions under § 1983 fall within the "expressly authorized by Congress"

---

[3]  Throughout his briefing, A.B. argues that he is in privity with his mother. Indeed, given their relationship and common interests in the pending cases, I find this to be true. *See Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 2011 WL 1361437, at *6-7 (N.D. Ind. Apr. 11, 2011) (under Indiana law, "[t]he term 'privity' includes those who were in control of the earlier action even though they were not a party to it, and those whose interests are represented by a party to the action."). As a result, the fact that there are different parties to the proceedings does not prevent application of the Anti-Injunction Act. *See Pelfresne*, 917 F.2d at 1020 ("Only a party, or, what amounts to the same thing in contemplation of the law, one who is in privity with a party, is barred by the Anti-Injunction Act.").

exception to the Anti-Injunction Act.

But while the applicability of one of the Act's exceptions is necessary to enjoin a state court, that's not the end of the inquiry. Indeed, according to the Supreme Court, the applicability of an exception to the Act does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* "[E]ven if the injunction is authorized by one of the exceptions, a district court must still determine whether an injunction is an appropriate exercise of its authority, recognizing the respect due the courts of a sovereign state." *Zurich*, 326 F.3d at 824 (internal citations omitted); *see Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("The fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.") (emphasis in original). So "[a]lthough § 1983 creates an exception to the full force of § 2283, a federal court *must* consider principles of federalism and comity before issuing an injunction." *Owens-Corning Fiberglas Corp. v. Moran*, 959 F.2d 634, 635 (7th Cir. 1992) (internal citations omitted) (emphasis added); *see also Ramsden*, 214 F.3d at 871 (finding district court abused its discretion by enjoining state court action under "relitigation" exception because the court "gave inadequate weight to these heightened comity concerns").

This means that even if one of the Act's exceptions is met, "the extraordinary relief of an injunction of state court proceedings must also be supported by the traditional equitable requirements such as irreparable harm for which there is no adequate remedy at law." *Zurich*, 326 F.3d at 825. "[A]n inadequate remedy at law is an indispensable requirement in [Anti-Injunction Act] cases, meaning really *irreparable* injury, not the watered-down, hard-to-ascertain-injury standard that is taking its place in much of equity jurisprudence." *Owens-*

*Corning*, 959 F.2d at 635 (internal citation omitted) (emphasis in original). Indeed, the Seventh Circuit has noted that "even irreparable injury is insufficient unless it is both great and immediate." *Ramsden*, 214 F.3d at 871 n.2 (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)); *see also Bedree v. Personal Rep. of Estate of Lebamoff*, 2008 WL 850311, at *2 (N.D. Ind. Mar. 25, 2008) ("To obtain federal injunctive relief impeding a pending state court proceeding, the federal plaintiff must surpass the normal showing of irreparable injury, and posit the existence of irremediable harm both great and immediate.") (internal quotations omitted).

I find that, notwithstanding the applicability of one of the Act's exceptions, principles of comity, equity, and federalism dictate that enjoining the state court action is not appropriate here. The assumption underlying the Anti-Injunction Act is that "state courts 'are presumed competent to resolve federal issues.'" *Zurich*, 326 F.3d at 826 (quoting *Chick Kam Choo,* 486 U.S. at 149-50). Moreover, Indiana courts are specifically tasked with determining the propriety of an eviction under the Indiana ejectment statute, Indiana Code § 32-30-3-1 *et seq.*, which lays out the procedures for contesting or enforcing an eviction. And in doing so, Indiana courts have, for example, adjudicated challenges to federal housing regulations, *Bishop v. Housing Authority of South Bend*, 920 N.E.2d 772, 781 (Ind. App. 2010), the ADA and Rehabilitation Act, *Jones v. Housing Authority of South Bend*, 915 N.E.2d 490, 494 (Ind. App. 2009), and the Fourteenth Amendment to the U.S. Constitution, *Lowery v. Housing Authority of Terre Haute*, 826 N.E.2d 685, 689 (Ind. App. 2005).

Given this, A.B. has not shown that he will be irreparably harmed or has no adequate remedy of law absent an injunction. A.B. presents no evidence that the state court will be unable to resolve, will be hostile to, or will disregard any federal claims that may be presented as a

defense to HASB's claims.[4]  Indeed, based on the above cases, Indiana courts routinely adjudicate eviction proceedings and are more than capable of resolving any federal issues that may come before it.  *See Zurich*, 326 F.3d at 827-28 ("[G]iven principles of comity, we cannot lightly assume that a state court would disregard federal law.").  So the mere fact that the state court may have a chance to resolve A.B.'s federal claims (again, assuming privity with his mother) is simply not enough to warrant this type of extraordinary relief.  *See id.*; *Delgado v. Vill. of Burnham*, 2011 WL 1807430, at *3 (N.D. Ill. May 6, 2011) ("To have an irreparable injury, plaintiff must show evidence of a threat to federally protected rights that cannot be remedied in the state prosecution."); *Amari Co. v. Burgess*, 546 F. Supp. 2d 571, 580 (N.D. Ill. 2008) ("[A]n injunction is out of the question" because "[p]laintiffs have an adequate remedy in the form of state court procedures."); *Matthews v. Round Barn Manor Ass'n*, 1986 WL 8738, at *2 (N.D. Ill. Aug. 4, 1986) ("Extraordinary circumstances are simply not present when the party has an opportunity to present his or her constitutional or federal claim as a defense to the state court action.") (citing *Younger*, 401 U.S. at 45, 49); *W.C.M. Window Co., Inc. v. Bernardi*, 730 F.2d 486, 490 (7th Cir. 1984) (a plaintiff has an adequate remedy at law "if he can assert the ground on which he seeks an injunction as a defense to the very proceeding that the injunction would put a stop to.").  For this reason alone, an injunction is improper here.  *See Atlantic Coast Line*, 398 U.S. at 297 ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

---

[4]  Initially, HASB contested Oliver's right to have an attorney present during the state court eviction hearing.  But HASB has represented to the Court that it has since withdrawn its objection, and Oliver will indeed be represented by counsel in the state court proceedings.

Setting the Anti-Injunction Act aside for the moment, even under a traditional preliminary injunction analysis, injunctive relief is nonetheless improper because A.B. has presented no evidence demonstrating a likelihood of success on the merits. *See Foodcomm Intern. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (a party seeking a preliminary injunction must show likelihood of success on the merits); *Pelfresne v. Vill. of Williams Bay*, 865 F.2d 877, 882 (7th Cir. 1989) (applying preliminary injunction standard notwithstanding the applicability of § 2283). To show a likelihood of success on the merits, the plaintiff must demonstrate "any likelihood of success – in other words, a greater than negligible chance of winning." *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).

This standard is not met here. In support of his motion, A.B. presents an affidavit by Oliver and the verified complaint. But while the affidavit provides background information on the state action, and the verified complaint briefly lays out the facts of the case, the contents of the notice provision, and the legal conclusions on which the claims are based, none of this even suggests how A.B. will succeed on the merits of his claims. For example, it's anyone's guess how A.B.'s Fourteenth Amendment claim will address the Supreme Court's decision in *Dept. of Housing & Urban Dev. v. Rucker*, which found "[t]here are . . . no serious constitutional doubts about Congress' affording local public housing authorities the discretion to conduct no-fault evictions for drug-related crime." 535 U.S. 125, 135 (2002). The Court went on to hold that 42 U.S.C. § 1437d(l) "unambiguously requires lease terms that vest local public housing authorities with the discretion to evict tenants for the drug-related activity of household members and guests whether or not the tenant knew, or should have known, about the activity." *Id*. at 130. A.B. is silent as to why his Fourteenth Amendment claim will succeed given this obstacle. *See Bedree*,

2008 WL 850311, at *2 (declining to enjoin state court proceeding until plaintiff's § 1983 claims were resolved because his "cursory motion simply fails to make the showing necessary for the extraordinary relief sought.").

Also, A.B. presents no evidence or argument showing that Oliver is "disabled" under the ADA and Rehabilitation Act and "handicapped" under the FHA or was discriminated against on the basis of either. *See* 42 U.S.C. § 12102(1)(A) (ADA); 29 U.S.C. § 794 (Rehabilitation Act); 42 U.S.C. § 3604 (FHA). All I know about Oliver is that she was arrested for possessing drugs and resisting law enforcement in February 2011, pled guilty, and, pursuant to her plea deal, agreed to participate in the Indiana drug court's substance abuse program.[5] Based on this, A.B. wants me to assume that Oliver is a qualified individual under these statutes. I will not. *See Pelfresne*, 917 F.2d at 1023 ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point."); *see also Barnham v. Snow*, 392 F.3d 896, 903 (7th Cir. 2004) (because determining whether a person is disabled is an individualized inquiry, a court "may not declare that all individuals who suffer from a particular medical condition are disabled"). Moreover, A.B. does not even attempt to explain how it is that Oliver was evicted *because of* her alleged disability or handicap *rather than* the express language in her lease forbidding drug possession or criminal activity. So, despite the low-threshold of the likelihood of success standard, *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008), absent some showing that A.B. will succeed on the merits

---

[5] To the extent A.B. asks me to judicially notice the fact that Oliver is currently involved in drug treatment, the motion is **GRANTED**. [DE 23.]

of his claims, injunctive relief is improper. A.B. does not make that showing here.

To sum up: A.B.'s arguments fail because I can only enjoin a state court if one of the Anti-Injunction Act's narrow exceptions are met. Yet the applicability of an exception under the Act is a necessary but not sufficient basis for enjoining a state court proceeding. Indeed, I must consider principles of equity, comity, and federalism that restrain a federal court, while "recognizing the respect due the courts of a sovereign state." *Zurich*, 326 F.3d at 824. With these principles in mind, to the extent an exception to the Act applies here, equity dictates that I should not enjoin the state court eviction proceedings because A.B. is unable to show that he will be irreparably harmed with no adequate remedy at law absent an injunction. Furthermore, he has not demonstrated a likelihood of success on the merits. As a result, an order enjoining the state court proceedings would be improper.

For the foregoing reasons, the Plaintiff's Motion for Preliminary Injunction is **DENIED**. [DE 9.] Notably, A.B. filed motions to strike various exhibits from HASB's supplement in opposition to preliminary injunction. [DE 20, 22, 25.] Because I did not rely on any of these exhibits in denying A.B.'s motion for preliminary injunction, the motions are **DENIED** as moot.

> **SO ORDERED**.

> ENTERED: July 8, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
